IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY N. BUTCHER,

      Plaintiff,

v.                      CIVIL ACTION NO. 1:04CV47
                              (Judge Keeley)

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**OPINION/REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on March 16, 2004, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit to the Court proposed findings of fact and a recommendation for disposition. On November 18, 2004, the defendant filed a motion to remand this matter. On January 3, 2005, Magistrate Kaull filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation and further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Court. On January 7, 2005, counsel for the plaintiff filed objections to the report and recommendation.

In his objections, the plaintiff requests that "any Order for remand issued by this Court limit the scope of administrative review to any time period prior to September 25, 2003, the onset date of disability established in the Defendant's subsequent favorable determination" and that "any Order for remand specify that the Defendant's administrative decision of September 4, 2004 is not supported by substantial evidence, necessitating said remand." In its motion to remand, the defendant stated:

> 2. Upon further review, the Commissioner found that Plaintiff was awarded disability benefits beginning September 2003, upon a subsequent application.
>
> 3. Hence, upon remand, the Administrative Law Judge should obtain a medical expert, if necessary, to determine if Plaintiff was disabled at any time prior to September 2003.

Thus, it is clear that both the plaintiff and the defendant agree that the period to be reviewed is prior to September 2003.

The plaintiff also requests that the Court find that the administrative decision of September 4, 2003 is not supported by substantial evidence. 42 U.S.C. § 405(g) provides:

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the

> validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

The Magistrate Judge recommended that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g). Because neither

**BUTCHER V. BARNHART**  1:04CV47

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

the Magistrate Judge nor this Court has the administrative record and transcript in this matter before it for review, and because sentence four provides that "the court shall have power to enter, upon the pleadings and <u>transcript of the record</u>, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the Court declines to rule that the record does not contain substantial evidence to support the administrative decision of September 4, 2003.

Accordingly, after consideration of the Magistrate Judge's recommendation, the Court accepts and approves the Opinion/Report and Recommendation and **ORDERS** that Magistrate Kaull's Opinion/Report and Recommendation be, and hereby are, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly,

1. The defendant's motion to remand (Docket No. 8) is **GRANTED**;

2. The plaintiff's claim is **REMANDED** to the Commissioner for consideration pursuant to the recommendations contained in the Magistrate Judge's Opinion/Report and Recommendation; and

BUTCHER V. BARNHART                                         1:04CV47

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

3.  This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: December ___14___, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE